# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## Ritter's Appeal.

Ritter conveyed land in trust to be farmed, and from the proceeds to pay him an annuity during life, the remainder of the income to his wife for life: if he survived his wife all the proceeds to him for life; after the death of both, the land to be sold, a specified sum to be paid to three children named, and the residue to be divided amongst all the children of Ritter and wife. *Held,* that the deed was not revocable nor testamentary.

May 13th 1868. Before THOMPSON, C. J., STRONG, READ, AGNEW and SHARSWOOD, JJ.

Appeal of Lewis Ritter from the decree of the Court of Common Pleas of *Franklin county*. In Equity. No. 95, to May Term 1868.

On the 24th of June 1861 Lewis Ritter and Julianna his wife, in consideration of $1, conveyed to Martin Heintzelman in fee a tract of land containing about 107 acres in Franklin county, in trust that Heintzelman should have the land properly farmed, and, after compensation for his own services, should pay to Ritter $60 annually during his life, if no part of the same should be required to pay Ritter's debts; Heintzelman to appropriate to the payment of Ritter's debts "the proceeds of his personal estate, and the crop growing on the farm, which are hereby transferred to him—the residue of the proceeds of the farm to be paid to the said Julianna Ritter during her life," if she continued the wife or widow of Ritter. If Ritter should survive his wife, he to receive the whole proceeds of the farm during his life, after deducting taxes and expenses ; but until his existing debts should

(9)

be paid, Ritter was to receive only the annual payment of $60. After the death of Ritter and his wife the land was to be sold, and after paying the residue of his debts "already created, still unpaid," $1000 of the proceeds were to be paid to Catharine, Agnes and Julianna Ritter, daughters of the grantors, and the remainder to be divided amongst all their children. The deed was recorded June 29th.

Heintzelman settled an account of his trust which was confirmed February 1st 1867. On the 20th of March he was discharged at his own request, and John Downey appointed in his place.

On the 20th of January 1868 Ritter filed a bill against Downey and his wife and children, setting out the foregoing facts; and also averring that for a long time before the execution of the deed he had been a man of intemperate habits, and by reason thereof his reason, judgment and memory were materially impaired. In consequence of the importunities of his wife and others, and whilst suffering from mental imbecility, arising from excessive drinking, he executed the deed of trust; no money was paid him, but the deed was without valuable consideration: all his debts had been paid except a judgment to Gerard Burkmayer, on which $820 were due; and Burkmayer was willing the deed should be revoked. Ritter further averred that he was and for several years had been sober, and fully capable of managing his business. Prior to the recording of the deed, repenting that he had executed it, he notified Heintzelman not to have it recorded; but Heintzelman notwithstanding caused it to be recorded; that the farm is depreciating in value by bad management. He further set out that he "is informed and verily believes that, under the facts hereinbefore stated, the said deed is voidable, and that in its own nature it is revocable, and therefore, so far as your orator has power, he does revoke said deed, and, so far as he needs the aid of your court, he prays equitable relief in the premises." 1. That the deed be declared revoked and of none effect. 2. That the respondents deliver it up to be cancelled. 3. That they be restrained from exercising any acts of ownership over the farm. 4. Further relief.

On the 11th of February 1868, the plaintiff filed a deed revoking the deed of trust.

On the 6th of April the defendants filed their answer, and the case was referred to George Eyster, Esq., "to find the facts." By consent of the parties he reported the following facts, viz.: The execution of the deed, the settlement of Heintzelman's account, and the appointment of Downey as above stated. That "on the day of the execution of the deed, and for a number of years prior, Lewis Ritter's habits were intemperate, although at the time he signed the indenture he was perfectly sober, had the full posses-

sion of all his faculties, and understood thoroughly the nature and character of the act.

"The deed was prepared by William McLellan, Esq., a member of the Franklin county bar, at the request of the plaintiff and of Martin Heintzelman, the trustee, plaintiff stating at the time that he wanted to make the arrangement for the benefit of his family, because he was of intemperate habits, and feared he would squander his property. He stated further as a reason that 'he expected to leave the country, and as he did not mean to return,' he made this provision for his family.

"Ritter executed and delivered the deed after consultation with his counsel, Judge Nill, and under his advice.

"Ritter is now and has for five years past been a temperate, sober man. He is a person of ordinary business capacity, and fully able to manage the business of the farm. Since the date of said deed he has accumulated property to the value of $1200.

"The plaintiff never notified Martin Heintzelman, the trustee, not to have the deed recorded before it was recorded, nor did he take any steps to revoke or cancel it until the execution of the deed for that purpose filed with the bill.

"The farm has been properly and economically cultivated since June 24th 1861, and is in no worse condition at this time than at and prior to that date. The farm is worth about $6000 now; on the 24th of June 1861 it was worth about $5000.

"Heintzelman settled his account as trustee, having paid all the debts of plaintiff, excepting the judgment of Gerard Burkmayer, who assents to the prayer of the bill.

"Martin Heintzelman, the trustee named in the deed, did not pay the $1 mentioned therein as consideration, neither does he know that the said $1 was paid by any one else."

The court below, in their opinion, amongst other things, said:—

"3d. We cannot regard the deed as an instrument purely testamentary. If the trusts were for the benefit of the grantor alone so far as they were to take effect in his lifetime—if the *widow*, as well as the children, had no beneficial interest under this deed until after Ritter's death—Frederick's Appeal would be an authority in point. But a beneficial interest is vested in the widow. She is not postponed until after his death, as the children are—as to the enjoyment of their interests under the deed.

"This deed being now revoked, would no one be injured thereby? The widow is secure now as against all debts but the one judgment. The deed being revoked, the husband may squander the whole property."

They therefore dismissed the bill with costs, which, on appeal to the Supreme Court, the plaintiff assigned for error.

*J. McGowan* and *J. McD. Sharpe* (with whom was *F. M.*

*Kimmel*), for appellant.—The provision for the children is testamentary and revocable. The deed is without consideration, and the powers of trustee are not coupled with any interest; the trust is simply to promote the grantor's convenience and protect his interests. The interest of the wife is a contingent remainder destructible by a conveyance of the tenant for life. The deed of revocation operated as a conveyance to grantor and wife, and cut off the contingent remainders and ulterior expectancies: Frederick's Appeal, 2 P. F. Smith 338; Cornish on Uses 81, 114, 115; Gilbert on Uses, Chap. 2, Sugden's note; Garth *v.* Cotton, Dickens 183. The reasons for the trust are expended.

*J. Stewart* (with whom was *J. Cessna*), for appellees.—The trust is executed: Ellison *v.* Ellison, 6 Vesey 656; Hill on Trustees 114; Delameter's Appeal, 1 Wh. 374; Dennison *v.* Goering, 7 Barr 179. It is a deed of conveyance, and has no testamentary character: 1 Jarman on Wills 16; Greenfield's Estate, 2 Harris 495; Hampton *v.* Brown, 3 My. & K. 32; Jackson *v.* Culpepper, 3 Kelly 569; Allison *v.* Kurtz, 2 Watts 185. The consideration is mentioned: Steinhauer *v.* Witman, 1 S. & R. 178; Hart *v.* Porter, 5 Id. 201; Hessner *v.* Helm, 8 Id. 178; Yard *v.* Patton, 1 Harris 282; Campbell's Estate, 7 Barr 100. The expectant estates cannot be defeated by revocation, because there is a trust to be supported: Archer's Case, 1 Rep. 66; Luddington *v.* Kime, Ld. Raym. 203; Denn *v.* Packey, 5 Term Rep. 299; 2 Fonblanque's Equity 90.

The opinion of the court was delivered, May 20th 1868, by

READ, J.—Lewis Ritter was a man of intemperate habits, but perfectly aware of his tendency to drink to excess, and was fearful he would squander his property. On the 24th June 1861, when he was perfectly sober, and in full possession of all his faculties, and thoroughly understanding the nature and character of the act— he with his wife executed and acknowledged the deed (the subject of the present suit) which was recorded on the 29th of the same month.

The deed was prepared by William McLellan, Esquire, an eminent member of the Franklin county bar, at the request of the plaintiff and of Martin Heintzelman, the trustee, plaintiff stating at the time that he wanted to make the arrangement for the benefit of his family, and feared he would squander his property. The plaintiff executed and delivered the deed after consultation with his counsel, Judge Nill, and under his advice. There was a deliberate intention on the part of the plaintiff to provide for his family, as "he expected to leave the country, and as he did not intend to return."

It is a conveyance to the trustee in fee simple of a tract of land

[Ritter's Appeal.]

containing 107 acres and 54 perches, upon trusts which are thus distinctly but succinctly stated by the court below. "The trust is (first) to pay debts of which the Burkmayer judgment alone remains; (second) to pay Ritter himself $60 annually; (third) to pay the residue of the proceeds of the farm to Julianna Ritter. The interest of the wife is vested subject to no condition or contingency, by which it can be defeated. The enjoyment is merely postponed for a time, namely, until this debt shall be paid."

A beneficial interest is vested in the wife, and Frederick's Appeal, 2 P. F. Smith 338, is not applicable. This deed is neither testamentary nor revocable, and it is clearly the interest of all parties that it should be sustained. It was made by the plaintiff with a full knowledge of his own weakness, and we cannot doubt he was the best judge of himself.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.