# Fellows's Appeal.

1. The title of a trustee under a deed of trust is complete and irrevocable by the settler, although the transaction be purely voluntary. Nor does the fact that the grantor reserved an interest during life in the proceeds of the property, and gave a future benefit to other persons named, give an implied right to revocation. It contravenes no rule or policy of law, but executes the intention of the grantor.

2. Frederick's Appeal, 2 P. F. Smith 338, distinguished.

June 20th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Appeal from the Court of Common Pleas of *Luzerne county*:

[Fellows's Appeal.]

Of January Term 1878, No. 178. In Equity. Certified from the Eastern District and argued at Harrisburg, in the Middle District.

Bill in equity filed by Joseph Fellows and others, heirs-at-law of Joseph Fellows, deceased, against John Heermans, trustee, and others. The facts are stated in the opinion of this court.

The case was heard on bill and answer, the court, Handley, A. L. J., delivering an exhaustive opinion, in which he, inter alia, said : " When parties make just such instruments as they intended to make, and without fraud, surprise, undue influence or mistake of their rights, but labor under error as to the legal effect, that alone will not authorize a correction by the court: Storrs *v.* Barber, 6 Johns. Ch. Rep. 166 ; Chapin *v.* Laytin, 18 Wend. 412 ; Hunt *v.* Rausmanier, 8 Wheat. 174. The grantor, Mr. Fellows, when in full life, was noted as one of the most expert conveyancers. He was trained in the law long before many of the well-known rules of the common law were changed by statute. That he intended to create an active trust by his deeds there can be no doubt. When he directed his trustee to sell the lands in this county by retail, he fully comprehended about what period of time it would take to sell his land in that manner, it having been laid out in building lots, streets and avenues long before he executed these deeds. From our knowledge of the land to be sold, it will take at least twenty-five years to dispose of it by retail, if it can be done within that period of time. The deeds of Mr. Fellows are not purely testamentary. The trusts created are not solely for the benefit of the grantor. Several relatives have a beneficial interest since the making of these deeds, and this interest took effect during the lifetime of Fellows ; they are not postponed until after his death, and hence the rule laid down in Frederick's Appeal does not apply in this case.

" We, therefore, order and direct plaintiffs' bill dismissed, with costs."

From this decree Fellows and others took this appeal.

*James O. Parker* and *Stanley Woodward*, for appellants.— There was no money consideration for these deeds. Fellows revoked the deeds and afterwards revoked the revocation. The analogy to Frederick's Appeal, 2 P. F. Smith 338, and Nace *v.* Boyer, 6 Casey 99, is striking. The court misconceived the intention of the Fellows deed. These instruments on their face are revocable deeds, and the subsequent will did revoke them. Heermanns had the power under the deeds to have disposed of all the real estate, and turned over the proceeds to Fellows, and the estate was not therefore vested during the lifetime of the grantor. A revocation of the revocation did not bring the original deeds into being without words to that effect. A deed to take effect after

death of grantor is testamentary in its effect and dies with the grantor. Heermanns having taken out letters of administration is estopped from overthrowing the will.

*A. Ricketts*, for appellee.—Wherever there has been an actual transfer of the legal interest in property, either real or personal to a trustee upon trusts declared in favor of volunteers, and the relation of trustee and *cestui que trust* has been established, there the trusts will be enforced in equity; and though the transaction be purely voluntary, the title of the trustee is complete and irrevocable: Ellison *v*. Ellison, 6 Vesey 656; s. c. 1 Lead. Cas. in Eq. (3d. Am. ed.), and notes; Kekewich *v*. Manning, 1 DeG., M. & G. 176, and cases cited therein, and in notes; Hill on Trustees 82, and cases cited in notes; Perry on Trusts, sect. 98, and notes. And the same doctrine is fully held in this country: Slifer *v*. Beates, 9 S. & R. 166; Sprague *v*. Woods, 4 W. & S. 192; Dennison *v*. Goehring, 7 Barr 175; Reed *v*. Robinson, 6 W. & S. 329; Delamater's Estate, 1 Whart. 362; Reese *v*. Ruth, 13 S. & R. 434; Greenfield's Estate, 2 Harris 489; Stone *v*. Hackett, 12 Gray 227.

The conveyance to Heermans is manifestly a simple conveyance of the legal estate in fee for the purposes of the trusts therein declared. It not only conveys the grantor's estate to Heermans, his heirs and assigns, for ever, but also empowers him to sell the real estate and convey it in fee-simple to purchasers; and meanwhile to rent it, and pay the net income of the whole estate to the parties entitled by virtue of the said conveyances. The original and supplementary deeds are evidently to be taken together: 2 Prest. Conv. 363–6; 5 Cru. Dig. 200, sect. 39; Id. 219, sect. 90; Lord Cromwell's Case, 2 Rep. 69, 75, a; Earl of Leicester's Case, Vent. 278; Hamilton *v*. Elliott, 5 S. & R. 375, 381; Greenfield's Estate, 2 Harris 489. And the interests of the beneficiaries became thereby vested.

Mr. Justice MERCUR delivered the opinion of the court, October 6th 1879.

This bill was filed by some of the heirs-at-law of Joseph Fellows, deceased. It prayed the court to decree certain instruments in writing, executed by said Fellows, and dated respectively the 3d, 10th and 15th October 1868, had been duly revoked, and become null and void. The case was heard on bill and answer, and the bill was dismissed. So far as the present inquiry is concerned, all these writings may be considered as parts of one instrument. The first is a deed whereby Mr. Fellows conveyed all his real and personal estate situate in eight different states named, in trust to John Heermans, his heirs and assigns for ever, in consideration of the grantor's infirmities of advanced age, and of one dollar to him in

hand paid.   It contains a proviso that the grantee shall sell the lands therein conveyed by retail for the best prices obtainable, and convey the same in fee-simple to the purchasers, with covenants of warranty binding Fellows's heirs to warrant and defend the title thereto; that the avails of the real and personal estate shall be paid, distributed and disposed of as follows: During Mr. Fellows's life all money shall be paid over to him; afterwards they shall be applied first to the payment of his debts and the expenses of this trust, and the residue be distributed as may be directed in a writing to be thereafter executed by him, or in default thereof, then said residue to be distributed to his heirs according to the laws of the state of New York.   The instrument of October 10th is also a deed, substantially a repetition of the first, with additional directions to the grantee to rent the lands until they can be sold. The third instrument refers to the deed of October 10th, and states it to be the supplementary writing therein mentioned to be executed for the purpose of directing distribution of the funds.   It confirms the preceding deed, and orders distribution, first, the payment of certain annuities; second, of the conveyance of specific parts of the real estate to certain persons in fee, and the rent due for the use of the same to be remitted; also to his brother and his wife, or the survivor of them, the use of a certain house and lot during their natural lives; third, the residue of the avails of the real and personal estate to be equally divided among his nephews and nieces named.

There is no power of revocation reserved in either of the deeds. It is not shown that either of these conveyances was procured by fraud or unfair dealing.   They appear to have been the result of the deliberate judgment and unconstrained will of Mr. Fellows. The trust was accepted and acted upon by the appellee.   The title of a trustee under a deed of trust is complete and irrevocable by the settler, although the transaction be purely voluntary: Hill on Trustees *82.   Nor does the fact that the grantor reserved an interest during life in the proceeds of the property, and gave a future benefit to other persons named, give an implied right of revocation: Reese et al. v. Ruth, 13 S. & R. 434; Eckman v. Eckman, 18 P. F. Smith 460.   It controverts no rule nor policy of law, but executes the intention of the grantor: Lewin on Trusts 137.   In December 1868, and again in January 1879, Mr. Fellows executed an instrument of writing purporting to revoke the deeds of trust and the order of distribution.   He afterwards instituted proceedings in equity in the Common Pleas of Luzerne county, against John Heermans and Edmonds Heermans, to set aside the deed of the 10th and 15th October 1868, respectively; and a like proceeding against John Heermans in the Supreme Court of the state of New York.   In June 1871, an agreement under seal, duly acknowledged, was entered into between

Fellows, of the one part, and John Heermans and Edmonds Heermans of the other part, reciting the commencement of said actions, and stating that in the one commenced in the state of New York a judgment had been rendered and affirmed, sustaining the validity of said deeds; and whereas the litigation was involving the estate in large and unnecessary expense and waste, therefore in consideration of the premises, and also of the sum of $100 paid by the parties of the second part to Fellows, it was agreed that the said action be forthwith discontinued, and that "said John Heermans shall forthwith take possession of the property and effects conveyed by said deeds, and of all the books and papers relating thereto, and enter upon and perform all the powers and duties granted to and vested in him, the said Heermans, by said deeds, hereby revoking any and all instruments that said Fellows has heretofore executed, which are inconsistent with or repugnant to this agreement, or to the execution and performance by the said Heermans of the trusts, powers and duties required of him by said deeds." This was also followed by another instrument under seal, executed by said Fellows, and duly acknowledged, dated the 1st July 1871, in which he declared that his instrument of revocation, executed in December 1868, and recorded, was made under a misapprehension, and did not express his true wishes and intentions, which were really expressed in his deeds to John Heermans; and thereupon said Fellows revoked, annulled and withdrew the said instrument of revocation, and declared the same to be void and of no effect, to the intent that the said deeds to John Heermans should have full force and effect, and that he be no further hindered or impeded in the due execution of the powers and duties intrusted to him therein. In September following Fellows made and executed his last will and testament, and appointed John Heermans and Ebenezer Leech executors thereof in respect to his real and personal property in the state of Pennsylvania, and directed deeds to be made in fulfilment of contracts for the sale of lands in said state, on payment of the purchase-money. The money so paid he directed to be applied in payment of debts due by him, and the residue to be disposed of according to the provisions of a separate paper to be executed by him. It does not appear that such separate paper was ever executed.

The withdrawal in 1871 of the attempted revocation of the trust deeds made to Heermans is so clear, express and unequivocal as to admit of no doubt in regard to the intention of Mr. Fellows. He used no language indicating that he considered or intended them to be letters of attorney or instruments of a testamentary character. He designated them as "deeds," and declared they "should have full force and effect," and that Heermans should be no further hindered or impeded in the due execution of all the powers therein given to him. If doubt existed before as to the irrevocable character of these deeds, the compromise of the suit brought to revoke

them removed that doubt. The payment to him of the $100, and his agreement in consideration thereof, show a clear ratification and confirmation that they conveyed the legal estate in fee for the purposes of the trust therein declared.

It is claimed by the appellants that the deeds executed in October 1868 are testamentary in their character under the authority of Frederick's Appeal, 2 P. F. Smith 338. We think' that case distinguishable from the present in many particulars. The deeds in the present case show a clear intent to take effect immediately. In Turner v. Scott, 1 P. F. Smith 126, the deed declares "this conveyance in no way to take effect until after the decease of the said John Scott, the grantor." The controlling effect of these words is pointed out by the present chief justice in Eckman v. Eckman, *supra*. This last case, we think, fully sustains the conclusion that the deeds in question were not revocable by the settler. Heermans so claimed. The suit commenced by Fellows was to test the validity of that claim. Conceding it was doubtful, the compromise of the suit settled the question in favor of Heermans's view. The instruments thereupon became fixed and irrevocable.

> Decree affirmed, and appeal dismissed at the costs of the appellants.