# Eliza Rynd, Appellant, *v.* William Baker, William S. Welker and George N. Reed.

*Practice, C. P.—Reservation of point of law—Exceptions.*

If no exception is taken at the trial to the form of a reservation of a point of law the parties are bound by it, and they will not be heard in the Supreme Court against it.

*Trusts and trustees—Deed of trust—Revocation.*

If the grantor in a voluntary deed of trust convey the legal title to the trustee without reserving a power of revocation the trust will be enforced in favor of the beneficiaries, even though the enjoyment of their estate is postponed until after the death of the grantor in the deed.

Where a deed of trust contains no power of revocation, and provides for the maintenance of the grantor during life, with remainder to appointees under his will, the grantor cannot, by the subsequent execution of a mere deed of a portion of the property, without any formal revocation, defeat the trust previously created.

Argued Oct. 12, 1899. Appeal, No. 143, Oct. T., 1899, by plaintiff, from judgment of C. P. Venango Co., April T., 1898, No. 67, non obstante veredicto. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, FELL and BROWN, JJ. Affirmed.

Ejectment for land in Cornplanter township. Before CRIS-WELL, P. J.

The facts appear by the opinion of the Supreme Court.

The court charged the jury as follows:

We instruct you to render a verdict in favor of the plaintiff for the land described in the writ. If the court shall be of the opinion that under all the evidence the plaintiff is not entitled to recover, then judgment to be entered in favor of the defendants non obstante veredicto. If, on the other hand, the court shall be of the opinion that the plaintiff is entitled to recover, then judgment to be entered on the verdict.

The court subsequently entered judgment in favor of the defendants and against the plaintiff non obstante veredicto.

1899.]        Assignment of Error—Opinion of the Court.

*Error assigned* was in entering judgment for defendants non obstante veredicto.

*J. S. Carmichael,* with him *R. W. Dunn* and *John M. McGill,* for appellant.—The deed of trust was revocable: Frederick's App., 52 Pa. 338; Rick's App., 105 Pa. 528; Chestnut St. Nat. Bank v. Fidelity Ins., etc., Co., 186 Pa. 333; Sturgeon v. Stevens, 186 Pa. 350.

In every instance in which an attempt has been made to revoke a trust deed under the authority of Frederick's Appeal, Rick's Appeal and other cases, and failed, there have been controlling differences in facts, such as :

1. Where the deed is made inter vivos, for a valuable consideration, immediate vesting in living and ascertained persons : Dennison v. Goehring, 7 Pa. 175; Knowlson v. Fleming, 165 Pa. 10; Greenfield's Est., 14 Pa. 489; Ritter's App., 59 Pa. 9; Fellows's App., 93 Pa. 470.

2. Where a drunkard or person of intemperate habits, fearful of squandering his property, desires to put it beyond his reach and control: Ritter's App., 59 Pa. 9; Wilson v. Anderson, 186 Pa. 531.

3. Where the deed is a spendthrift trust : Merriman v. Munson, 134 Pa. 114.

4. Where one executes a deed of trust in anticipation of lunacy, being at the time impaired in mind: Reidy v. Small, 154 Pa. 505; Neal v. Black, 177 Pa. 83.

Voluntary deeds of trusts without a valuable consideration have uniformly been held revocable by the grantor or settler: Rife's App., 110 Pa. 232; Turner v. Scott, 51 Pa. 126; Russell's App., 75 Pa. 269; Miskey's App., 107 Pa. 611; Bristor v. Trasker, 135 Pa. 110.

*William M. Parker,* with him *J. H. Osmer, A. R. Osmer, N. F. Osmer* and *J. D. Trax,* for appellee.—The deed of trust was irrevocable: Simon v. Simon, 163 Pa. 292; Reese v. Ruth, 13 S. & R. 434; Greenfield's Est., 14 Pa. 489; Fellows's App., 93 Pa. 470; Knowlson v. Fleming, 165 Pa. 10; Wilson v. Anderson, 186 Pa. 531.

OPINION BY MR. JUSTICE GREEN, November 6, 1899:
A reversal of this case upon the ground of a defective re-

servation of a point would not be of the slighest advantage to either side. Upon a retrial the identical question reserved by the court would again arise upon the defendants' request for a binding instruction to the jury that upon all the evidence the verdict should be for the defendants. Moreover our modern decisions all hold that if no exception is taken to the form of the reservation at the trial the parties are bound by it, and cannot be heard in this Court against it: Mohan v. Butler, 112 Pa. 590; Boyle v. Mahanoy City, 187 Pa. 1.

The only question in this case is a pure legal question, to wit: whether the deed of trust made by John Rynd to Smith and Burchard on May 19, 1885, was revocable. If it was not the plaintiff had no title and could not recover. The deed is an absolute conveyance by the grantor to the grantees of all the grantor's estate real and personal, except certain personal chattels named, in fee simple, to hold upon certain specified trusts. The only ones which had any significance here are thus expressed: " To take charge of all my real estate, let the same, collect the rents thereof, paying the taxes thereon and keeping the same in repair. To take possession of and collect and receive all my personal estate hereby conveyed, and manage and safely invest the same. Out of the income of all my estate which shall not be subject to my control or engagements to pay from time to time such sums as shall be proper for the liberal and comfortable support and maintenance of myself, family and establishment in view of my estate and condition in life, for which sums my receipt shall be sufficient voucher. To reinvest and accumulate the residue if any of the net income during my life, and upon my death to convey and assign the whole estate with all accumulations as I have, by my will heretofore made, willed regarding my estate, or if it be revoked by me, as I shall by any will or writing in the nature thereof, hereafter to be made, direct and appoint, and in default of such appointment to my wife and children now living, in such shares and for such estates as they would respectively have of my estate under the intestate laws of Pennsylvania, in case of my death intestate leaving all of them surviving, but my wife to receive only in case she survives me, and relinquish her dower."

On the 30th day of August, 1890, John Rynd, the grantor in the deed, executed his last will and testament, reciting his

power of appointment under the deed of trust, and declaring that he intended "hereby to will, appoint and dispose of, as well all estate real and personal whereof I have power of appointment under my deed of trust to the Rev. W. C. Burchard, now deceased, and Robert S. Smith, as trustees, as all whereof I shall at my decease be absolute owner, and to exercise as well all my powers of disposition and appointment under said deed as all my rights and powers as owner, to wit." He then proceeds to dispose by the will of his entire estate, giving one third to his widow, and of the remaining two thirds he gives one sixth to his son Cyrus, without charging him with advancements, and one sixth each to his four other living children and the heirs of one that was dead, subject to specified advancements. As he never revoked this will nor made any other, it became operative at his decease, which occurred in November, 1892, and was a formal and complete exercise of his power of appointment reserved in the deed of trust. During his life he never made or attempted to make any revocation of the deed of trust, but lived under its provisions and in accordance with its terms until his death. It is manifest therefore that the deed of trust was literally carried out and fully performed in all its terms by the grantor during his life. By the exercise of his power of appointment the beneficiaries who were to take under the deed of trust were expressly designated, and their several interests in the property conveyed to the trustees by the deed of trust specifically defined. From and after the execution of the will they were as clearly determined as if they had been named in the deed.

If there were nothing else in this case but the instruments already considered it is perfectly manifest that under all the authorities upon this subject a complete divestiture of the title of John Rynd to the property formerly held by him, and a complete investment of that title in the persons named in the will, was accomplished. The title of the appointees named in the will would date back its inception to the date of the will, their possession only being deferred until the time of John Rynd's death. Their right or title to have the property under the deed of trust was established when the will was made, because at that time the testator exercised his power of appointment under the deed, and in the only manner in which he could exercise it under the terms of the deed.

But the plaintiff claims title to a part of the property of John Rynd under a deed made subsequently to the date of the will. This deed is from John Rynd and wife to Eliza Rynd, and is dated October 7, 1891, and the property described in it is two tracts of land of 100 acres each, situate in Cornplanter township, Venango county. The deed was a voluntary conveyance, the consideration being the nominal sum of one dollar. It does not contain the least reference to the previous deed of trust, nor does it claim to be an exercise of the power of appointment reserved in that deed. It contains no revocation of the deed of trust, nor any expression of any intent to revoke it, or to disregard it. Nor does it contain any reference to the will of John Rynd which was executed on August 30, 1890, some fourteen months prior to the date of the deed of Eliza Rynd; nor is there in the deed any expression of any purpose to revoke the will, or to make the conveyance in derogation of its provisions or with any intent to change the appointment made in the will. In short, this deed was nothing but an ordinary deed in fee simple to Eliza Rynd for a part of the property which had already been conveyed to trustees by the deed of trust, and which was included in the deed of appointment made by the will.

The simple question is, does the plaintiff take any title under the deed to her? The absence of a power of revocation from a deed of trust such as this, standing by itself, has no efficacy to authorize either the party who executed the deed, or any court on his application to revoke the deed. It is only when connected with other circumstances which show that the clause of revocation was omitted by mistake or fraud, or that the object of the deed of trust has failed by reason of the death of the cestui que trust during the lifetime of the grantor, or some other equally strong and urgent cause, that it can be permitted to justify a decree of revocation. In the present case there are no circumstances of any kind that require either the intervention of a court to decree a revocation or to sanction an attempted revocation by the mere act of the party. The bare question remains whether the deed of trust was a revocable instrument, so that it might be revoked in whole or in part by a mere conveyance of a part of the trust property made subsequently by the grantor to another person not an appointee under the will. It is very difficult, indeed impossible, to understand how, if it were not

in itself a revocable instrument, and was not affected by extraordinary circumstances sufficient to justify a decree of revocation, it could become revocable simply because the grantor made a subsequent deed inconsistent with its terms. If an irrevocable instrument could be set aside by the mere act of the grantor inconsistent with the trust, there would be no such thing as an irrevocable conveyance of property in trust. Such is not the law and it has never been so held.

The argument in support of the claim of the plaintiff in this case is founded upon certain decisions of this Court which it is supposed require or authorize a decision in her favor. An examination of those cases will show that they do not support the plaintiff's contention. The principal case relied upon is Frederick's Appeal, 52 Pa. 338. In that case the ruling of this Court was placed upon the special circumstances that the purpose of the deed was merely to serve the personal interest and convenience of the grantor, the trustees being agents to collect his assets and pay his debts and render him an account of their doings every year. For this purpose they were authorized to sell such parts of his real and personal estate as was necessary to pay his debts ; they were also to apply so much of the proceeds of sales as was necessary to the support of the grantor during his life, and after his death they were to divide what was left among his nine children. It was held that all these objects were for the personal convenience of the grantor, and that no beneficial interest was to vest in his children until after his death, thus giving a testamentary character to the instrument which made it revocable. Another circumstance relied upon was that the grantor had executed a formal deed of revocation of the original deed of trust, which he had a right to do because of the testamentary character of the deed. In the present case it is enough to say that all of these special circumstances are absent. There is no provision for the sale of property and assets to raise money for the payment of debts. There was no deed of revocation of the original deed of trust, the property was to be conveyed to such persons as the grantor should appoint, and he did exercise that power and never attempted to revoke the original deed or to alter its terms.

In the recent case of Wilson v. Anderson, 186 Pa. 531, our Brother DEAN has expressed the views of this Court in rela-

tion to Frederick's Appeal in the following words : " A careful reading of the opinion will show that the judgment was based on the fact that the deed was made wholly for the convenience of the grantor, in that it relieved him from the management of his estate. Besides there was nothing in the deed itself, or in the circumstances attending its execution, manifesting an intention that it should be irrevocable. On its peculiar facts that case stands by itself. It is not authority, as argued by appellant, for the sweeping proposition that every voluntary trust conveyance of property which reserves to the grantor a life interest, with a direction to convey to others the principal of his estate at his death, is a testamentary instrument, and therefore revocable by a subsequent will." Rick's Appeal, 105 Pa. 528, is also cited for the appellant, but the slightest examination shows that it has no relevancy. The opinion of this Court was based upon the facts that the grantor, an ignorant old woman seventy-five years of age, was deceived by those who advised her to execute the deed into the belief that it was revocable in terms, when in fact it was irrevocable; that she was misled by the false representations of the grantee ; that it was improvident, as it stripped her of her property and left her insufficient means for her support, and that it was revoked by the execution of a formal deed of revocation. In Rife's Appeal, 110 Pa. 232, also cited for the appellant, the instrument was held to be a will for the reasons stated in the opinion, and it was therefore revocable. In Chestnut Street Nat. Bank v. Fidelity Ins., etc., Co., 186 Pa. 333, there were two deeds and a will, which we held must all be considered together as one combined whole, and all of which were testamentary and therefore revocable.

The present case does not belong in the category of cases of which the foregoing are examples. On the contrary it does belong in the class of cases in which, beginning with Reese v. Ruth, 13 S. & R. 434, and ending with Wilson v. Anderson, 186 Pa. 531, it has always been held that if the grantor in a voluntary deed of trust conveys the legal title to the trustee without reserving a power of revocation the trust will be enforced in favor of the beneficiaries, even though the enjoyment of their estate is postponed until after the death of the grantor in the deed. In the original case, Reese v. Ruth, the trust

was substantially identical with the trust in the present case. The trustee was to invest the trust estate for the benefit of the grantor, allowing her during her life a comfortable support, and at her death to pay over the fund to such persons as the grantor should appoint by will, and in default of a will to the persons who would be entitled to her estate by law. The grantor being dissatisfied with the manner in which the trust was being executed, and alleging that the trustee refused to allow her sufficient support, filed a bill in equity to revoke the trust, but this Court held that while she might recover the support in an appropriate action there was no power to revoke the trust. This case was followed in Greenfield's Estate, 14 Pa. 489, where the grantor executed an absolute deed for all her property to third persons who executed a contemporaneous declaration of trust, in which they declared that they held the property in trust to apply the income and profits in such manner as the grantor should direct during her life and after her death to sell the property and apply the proceeds to the payment of debts, expenses, compensation to the trustees, and the residue to various persons named. An attempt was made by her executors to have the deed set aside for various reasons as being improvident, not understood by the grantor, she believing that it was a will and so speaking of it, want of proper information, large gifts to her trustees and other matters, but all to no purpose. After a protracted and severe contest it was sustained as an irrevocable deed. BELL, J., delivering the opinion of this Court, said : " The perfect right of a proprietor to divest himself of his estate by way of gift uninduced by pecuniary considerations is among those which do not admit of question, and when such a gift is executed or otherwise fixed in the beneficiary, either by the direct conveyance of an estate or the creation of an use, it is beyond the power of the donor or his representative to revoke it. Settlements like that before us, reserving a present interest in the creator of them, and carrying a future benefit or bounty to other designated parties, are very unusual. If fairly made and carried into effect, uninfluenced by fraud or circumvention, they cannot be subsequently impeached, as is shown among other determinations by our own case of Reese v. Ruth, 13 S. & R. 434."

In Fellows's App., 93 Pa. 470, the grantor, in consideration

of his infirmities of advanced age and $1.00, conveyed all his real and personal estate situate in eight states to a trustee, who was to sell the property, paying over the proceeds to the grantor and afterwards paying debts and expenses of the trust, and the residue to persons as might be directed in writing thereafter to be executed by the grantor, and in default thereof to his heirs. There were in all three deeds of similar import. The grantor subsequently executed deeds of revocation and filed a bill in equity for a revocation, but did not succeed. After his death his heirs filed a bill for the same purpose, but it was of no avail. Mr. Justice MERCUR, delivering the opinion of this Court, said: "There is no power of revocation reserved in either of these deeds. It is not shown that either of these conveyances was procured by fraud or unfair dealing. They appear to have been the result of the deliberate judgment and unconstrained will of Mr. Fellows. The trust was accepted and acted upon by the appellee. The title of a trustee under a deed of trust is complete and irrevocable by the settler, although the transaction be purely voluntary: Hill on Trustees, 82. Nor does the fact that the grantor reserved an interest during life in the proceeds of the property, and gave a future benefit to other persons named, give an implied right of revocation: Reese et al. v. Ruth, 13 S. & R. 434; Eckman v. Eckman, 68 Pa. 460. It controverts no rule, nor policy of law, but executes the intention of the grantor." The same rule was applied and enforced even against a bill to revoke the deed by the grantor, in Simon v. Simon, 163 Pa. 292, and again in Knowlson v. Fleming, 165 Pa. 10, in both of which it was held that equity will not intervene in such cases except upon the gravest considerations affecting the integrity of the transaction.

Perhaps the most analogous, as it is the most recent, of our cases is Wilson v. Anderson, 186 Pa. 531, in which the whole subject was most exhaustively considered by our Brother DEAN, who delivered the opinion of the Court, the case having been decided in 1898. It is not necessary to review it in detail. The syllabus of the case sufficiently expresses the leading propositions which were adjudged. It is as follows: "If the intention of the grantor at the time he delivers a voluntary deed of trust is to part with the legal title, the trust will be enforced in favor of the beneficiaries even though their enjoyment of the

estate is postponed until the death of their benefactor. Equity, because of exceptional facts in rare cases, has revoked the trust or held it revocable by the grantor, because plainly a testamentary instrument; but the general rule has remained without change." In the course of the opinion it was said: " The deed contains no power of revocation; by its terms the legal estate at once vested in the trustee, with a power of alienation, subject to the approval of the settler, but no power to convey by the settler himself was reserved; nor in case of conveyance of the whole or any part of the land were the proceeds to pass to the control of the grantor; on the contrary, by its express terms, the subject of the trust was still to remain in the hands of the trustee for investment and reinvestment, to abide the purpose of the trust; there was an absolute vesting of the equitable estate in his brothers and sister subject only to his life enjoyment of the income. . . . A present equitable estate vested in the beneficiaries immediately, which in the future would merge with the legal title, which latter was to be conveyed to them on the grantor's death. Every word in the deed is an apt one as expressing a present intention to irrevocably convey a present estate to be enjoyed in the future. . . . And the estate granted vests at once in the beneficiaries in the absence of negative words, even if the period of enjoyment be postponed. In this case the grantor could have reserved a power of revocation, but he did not." Every bit of the foregoing language is directly relevant and pertinent to the present contention and controls it. Further citations are quite unnecessary. We are of the opinion that the rulings of the learned court below were entirely correct and the assignments of error are all dismissed.

Judgment affirmed.