Long et al., Appellant, *v.* Tradesmens National Bank and Trust Company.

364

Argued November 17, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ.

*Israel K. Levy,* and with him *Bernard J. O'Connell,*
for appellant, cited: Culbertson's Appeal, 76 Pa. 145;
Carson v. Fuhs, 131 Pa. 256; Stafford's Estate, 258
Pa. 595.

*Carlyle H. Ross,* for appellee, cited: Hemphill's
Estate, 180 Pa. 95; Rynd v. Baker, 193 Pa. 486.

Opinion by Keller, J., March 3, 1933:

It makes little difference, in our opinion, in this case,
whether the trust created by Long is active or passive,
because no person but himself has any present or
future interest in it. Where a trust is created for the
benefit of another person, the question whether it is

active or passive becomes of importance, for in the latter case, the *cestui que trust,* or beneficiary in trust, has the right to have it terminated for his benefit, and have the possession of the estate; while if it is active he does not have such right: Stafford's Est., 258 Pa. 595, 599. But where the trust is wholly for the convenience of the settlor, and is not made for his protection against intemperance or vicious habits, or as a spendthrift trust, etc., and there is no beneficiary named in it but himself,— that is, no third person is given any interest in it—either present or future—the settlor can terminate it at any time, whether it is declared irrevocable for a term of years or not.

In this case the settlor transferred to the trustee the personal property scheduled in the writing (italics ours) "in trust to hold, manage, invest and re-invest the principal, to collect the income therefrom, and after deducting all necessary costs and charges to pay the net income therefrom unto the said Perry R. Long, the above settlor, during the term of his natural life, and after his death to pay, transfer, and convey the principal of said trust, together with all accumulated income thereof *unto the Estate of Perry R. Long, the above settlor, so that the same will become a part of his estate* and pass under his last will and testament: And in default of such last will and testament then to such person, or persons, as would be entitled to the same had the said Perry R. Long died a resident of Pennsylvania, and possessed thereof.

"Provided further, that this deed of trust shall be irrevocable for the term of ten years from its date, but that at any time after the expiration of ten years from this date the said settlor may from time to time, and at any times, by writing, or writings, under his hand and seal, attested by two or more creditable witnesses, alter, modify and change the beneficiaries used, [sic] estates, proportions, and interests in the said

trust estate, or any part thereof, or terminate the said trust, and require a reconveyance to him of the trust estate, to the extent and in the condition that it then exists.

"It is contemplated that the settlor, may add to the principal of this trust fund from time to time and hereby reserves the right so to do.

"The trustees shall have, not in limitation of the ordinary powers of trusteeship, but in addition thereto, the following special powers:

"First: To retain any investments transferred to the trustee by the settlor, and from time to time to make new investments in such real and personal property as my trustee, with my consent and approval, may deem reasonably safe investments for trust funds, not confining it to what are known as 'legal investments.'

"Second: To purchase investments at a premium and to charge the premium, either against principal or income, or partly against principal and partly against income, as it shall deem best.

"The trustee, hereby accepts the trust hereby created and covenants that it will faithfully and in good faith discharge and fulfill the same, and also obligates itself to use its endeavors to keep the funds duly invested to the end that the best results lawfully obtainable may be had."

The settlor was the only person named or interested in the trust either as life tenant or remainderman, settlor or beneficiary. He was to receive all the net income during his life and at his death the principal was to be paid to his estate,—not to such persons as he might appoint by will,—but "unto the estate of Perry R. Long, the above settlor, so that the same will become a *part of his estate,* and pass under his last will and testament; and in default of such last will and testament, then to such person or persons as

would be entitled to the same" ...... under the intestate laws of Pennsylvania. That is, whoever gets the principal takes it not under the deed of trust as appointee of the settlor, but from the settlor's estate as his legatee or next of kin. No one but himself has any right, title, or interest in it, or voice or direction as regards it. The trust estate, principal and interest, is subject to levy and attachment for the settlor's debts: Nolan v. Nolan, 218 Pa. 135, 67 Atl. 52; Benedict v. Benedict, 261 Pa. 117, 104 Atl. 581; Mackason's App., 42 Pa. 330; Ghormley v. Smith, 139 Pa. 584, 21 Atl. 135; Rienzi v. Goodin, 249 Pa. 546, 95 Atl. 259; Phila. v. Meredith, 49 Pa. Superior Ct. 600.

It is not contended that this trust was created to protect the settlor against his intemperance or vicious habits, and it is not a spendthrift trust. See Rehr v. Fidelity-Phila. Trust Co., 310 Pa. 301.

In order to be irrevocable a voluntary trust deed must contain in it some benefit or advantage to others: Wilson v. Anderson, 186 Pa. 531, 40 Atl. 1096; Potter v. Fidelity Ins. T. & S. D. Co., 199 Pa. 360, 362, 364, 49 Atl. 85; Kraft v. Neuffer, 202 Pa. 558, 52 Atl. 100; or be made to protect the settlor against his wasteful habits, intemperance, etc.: Merriman v. Munson, 134 Pa. 114, 19 Atl. 479; Reidy v. Small, 154 Pa. 505, 26 Atl. 602; Stockett v. Ryan, 176 Pa. 71, 34 Atl. 973.

In Wilson v. Anderson, supra, the settlor was of intemperate habits and at his death the trustee was to convey the land to the settlor's brothers and sisters. In Potter v. Fidelity Ins. T. & S. D. Co., supra, the principal, at the settlor's death, in default of appointment by will and issue living at his death, was to go to Marie E. Potter and Blanche Van Hook Potter. In Kraft v. Neuffer, supra, a life interest in the land was reserved to the settlor and his wife during their joint lives, with remainder over to other persons. In Merriman v. Munson, supra, the settlor was of dissipated habits and after his death the corpus was distributable

to his wife and children. In Reidy v. Small, supra, the settlor was of intemperate habits and feared hereditary insanity. The Supreme Court upheld it because, "A trust created by an old man in a lucid interval, in terror of impending hereditary insanity, all the more probable because of vicious personal habits, from its very purpose should be irrevocable." Mr. Justice Mitchell dissented. In Stockett v. Ryan, the trust was created because of the settlor's improvident and intemperate habits and his daughter, Mary Brillhart was a beneficiary of part of the income during his life, and the entire estate was to go to his children at his death. In Ritter's App., 59 Pa. 9, the settlor was of intemperate habits and his wife was to receive part of the income during his life and the principal at their death went to their children. In Fellow's App., 93 Pa. 470, the settlor received the income during his life, and at his death the principal was to go to his brother and his wife and certain nephews and nieces named. In Rick's App., 105 Pa. 528, a woman, 75 years old, unable to read or write, executed a deed of trust of all her property to her brother, as trustee, by which she was to receive the income during her life and at her death the corpus was to be divided among certain named beneficiaries; and while it was set aside on the ground that she had been misled and had executed it improvidently, and under a mistake of law and fact, the Supreme Court recognized that a purely voluntary conveyance intended only to promote the convenience of the grantor and passing no present interest to others, may be revoked at will. In Cable v. Cable, 146 Pa. 451, 23 Atl. 223, the trust deed was in favor of third parties. In Rynd v. Baker, 193 Pa. 486, 44 Atl. 551, a spendthrift trust was established as to the income and the settlor's wife and children were named as entitled to the principal of the trust estate in the event that he made no will directing its disposition. The grantor did not seek to revoke it in his lifetime,—

(the plaintiff brought ejectment, claiming under a voluntary conveyance to her, made fourteen months after the trust deed)—and in his will appointed how the trust estate was to go after his death, which the Supreme Court held amounted, after his death, to as clear a determination "as if they had been named in the deed." The question was whether the deed of trust was revoked by the settlor's subsequent voluntary conveyance.

The trustee has no beneficial estate in the trust apart from its compensation for services; and in the circumstances present in this case, cannot object to its revocation: Stafford's Est., 258 Pa. 595, 599, 102 Atl. 222; Harrar's Est., 244 Pa. 542, 550, 91 Atl. 503; Countess de Noailles' Est., 236 Pa. 213, 215, 84 Atl. 665.

The assignments of error are sustained. The decree sustaining preliminary objections to the bill and dismissing it is reversed and the bill is reinstated for further proceedings not inconsistent with this opinion. Costs to be paid out of the estate.