## Roberts's Estate

Before Henderson, Van Dusen, Stearne and Sinkler, JJ.
Reargument before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*John Russell, Jr.,* of *Morgan, Lewis & Bockius,* for exceptant.

*Robert W. Archbald, Jr.,* contra.

GEST, J., April 7, 1933.—The report of the learned master, Robert T. McCracken, Esq., states all the facts of the case so fully that we need not repeat them in detail.

Mary L. Roberts, the settlor, on June 12, 1931, assigned to The Pennsylvania Company for Insurances on Lives, etc., and Charles H. Roberts certain assets belonging to her in trust to pay the income to her for life, and upon her death to assign the corpus of the trust in such way as the said Mary L. Roberts should by her last will direct, limit and appoint. The deed of trust contained no provision for the distribution of the trust estate in default of appointment by the settlor.

The deed of trust further provided that the deed should be irrevocable, except that the settlor reserved the right to withdraw the sum of $5000 and the right to add to the trust fund such additional assets as she might in her discretion deem advisable. And the deed of trust gave to the trustees special authority to sell real estate, to retain in their discretion and without liability the investments transferred to them, and to invest and reinvest at their discretion without being confined to what are known as legal investments, with further powers not necessary to be recounted.

On November 7, 1931, the settlor executed a deed poll revoking the deed of trust, and followed this with a petition, on which a citation issued to the trustees, and all other parties who might have an interest, to show cause why the deed should not be canceled and the corpus of the trust estate awarded to her free and clear of the trusts in the deed. Answers and a replication having been filed, the case was referred to the master, who in his report recommended a decree that the petition be dismissed. Numerous exceptions were filed by Mary L. Roberts to the master's findings of fact and of law, which were dismissed by the master (with an unimportant amendment to his report), and the exceptions were argued on the January list before four of the judges of this court. Pending our opinion, the Supreme Court decided the case of Rehr v. Fidelity-Philadelphia Trust Co., 310 Pa. 301, and the Superior Court decided the case of Long v. Tradesmens National Bank and Trust Co., 108 Pa. Superior Ct. 363, and this court thereupon directed that the case be reargued, in order that the effect of these decisions by the appellate courts should be considered by us.

There was much testimony produced before the master, which, it was argued before him, showed fraud or undue influence exerted upon the settlor, by which she was induced to execute the deed of trust; but these questions were satisfactorily resolved by the master and need not be discussed. The only question for our determination is whether or not Mary L. Roberts had the legal right to revoke her deed.

The decisions in this state, not to mention other jurisdictions, are so numerous and so varied in their facts that it would be a tedious task to analyze them and a difficult task to harmonize them. We shall confine our opinion to the two cases above referred to. And it seems to us, upon a comparison of Long v. Tradesmen's National Bank and Trust Company, where the trust deed was revoked, that this case rules that which is before us. There, as here, the deed was in terms irrevocable; there, as here, it contained a power of investment; there, as here, there was no spendthrift trust; there, as here, the deed contained a general power of testamentary appointment. The only distinction is that in the present case there is no remainder given in any way in default of appointment, while in the Long case the remainder is to those persons who would be entitled to the estate had the settlor died a resident of Pennsylvania and possessed thereof. In this respect the present case is perhaps stronger than Long v. Tradesmen's National Bank.

In Rehr v. Fidelity-Philadelphia Trust Company, the provisions of the deed are the same as in this case, except that the remainder in default of appointment is given to the next of kin of the settlor, while here there is no gift over at all, and except, further, that the Rehr deed contained a spendthrift trust, and these differences, especially the spendthrift trust clause, as we read the opinion of the Supreme Court, controlled its decision that the deed could not be revoked.

Counsel, in their arguments, cited many other cases, but we do not think it necessary to discuss them as we have before us these very recent decisions of the appellate courts. Following the decision of the Superior Court in Long v. Tradesmen's National Bank and Trust Company, in which Rehr v. Fidelity-Philadelphia Trust Company was referred to, we feel obliged to sustain the exceptions to the master's report and decree that the deed of trust, dated June 12, 1931, has been revoked by the deed poll of November 7, 1931, and that The Pennsylvania Company and Charles H. Roberts, trustees, shall assign, transfer and deliver to Mary L. Roberts all the assets in their hands as such trustees, less the costs of the case, as stated in the report of the master.

Counsel will prepare an appropriate decree in accordance with this opinion.