FIDELITY TRUST CO. v. NEW YORK FINANCE CO.

(Circuit Court of Appeals, Third Circuit. September 15, 1903.)

No. 25.

1. TRUSTS—UNSUCCESSFUL ATTEMPT BY SETTLOR TO REVOKE—RIGHTS OF CREDITORS.

Where an active trust created by a voluntary conveyance of property to a trustee by a deed which gives future beneficial interests in the principal of the fund to others than the settlor, although reserving to him a present interest, has been sustained as valid and irrevocable by the Supreme Court of the state in a direct attack thereon by the settlor, one who became a creditor of the settlor long after the deed took effect, in the absence of evidence of fraud in the creation of the trust, cannot take the corpus of the trust fund in execution through garnishment proceedings in satisfaction of a judgment founded on such subsequent debt, but can subject to the payment of his judgment only the income reserved and payable to the settlor.

2. GARNISHMENT—RIGHTS AND STATUS OF CREDITOR.

An execution attachment against a garnishee has no greater effect than to place the attaching creditor in the same relation to the garnishee as that previously occupied by the judgment debtor.

3. SAME—DEFENSES BY GARNISHEE—GARNISHMENT OF TRUSTEE.

In garnishment proceedings against a trustee, vested with the legal title to the trust property and charged with active duties with respect thereto, to subject the corpus of the property, in which beneficiaries other than the settlor have an interest, to the payment of a judgment against the settlor, the garnishee may set up any defense, legal or equitable, which it might make against the settlor, and it is competent for it to show that the judgment was obtained through collusion between the parties for the purpose of defeating the trust.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Wm. M. Stewart, Jr., and R. C. Dale, for plaintiff in error.

Russell Duane, for defendant in error.

Before ACHESON, Circuit Judge, and BUFFINGTON and KIRKPATRICK, District Judges.

ACHESON, Circuit Judge. On the 26th day of June, 1895, by deed executed on that date and duly recorded at Philadelphia, George Van Hook Potter transferred to the Fidelity Trust Company (here the plaintiff in error) certain mortgages and other securities, of the

value of $66,550, in trust to invest and reinvest the same, to collect and receive the income therefrom, and pay the net income quarterly to the said George Van Hook Potter during his life, so that the same should not be assigned or anticipated by him, nor be subject to or liable for his debts, and without liability to execution, attachment, or legal process of any kind; and in trust on his death to pay the principal to such persons as he might by will appoint, and, in default of such appointment, to his issue then living, "and should there be then living no issue of the said George Van Hook Potter, then to pay, transfer and set over the principal of the said trust estate to Marie B. Potter and Blanche Van Hook Potter, in equal shares." By this deed George Van Hook Potter, with respect to the sum of $12,000, reserved the right, by writing under his hand and seal, to alter and revoke the trusts thereby declared; but it was expressly stipulated that, except as to such sum of $12,000, the trust thereby created should be irrevocable. The trust thus imposed was duly accepted by the Fidelity Trust Company on the date of the deed. As to the sum of $12,000, Potter exercised his power of revocation, and that money was paid to him in divers amounts between the date of the deed and July 15, 1897. By deed poll bearing date June 9, 1899, Potter undertook to revoke and annul the deed of trust above mentioned. He then filed a bill in equity in one of the courts of common pleas of Philadelphia to have the deed of trust declared revoked. The court, however, being of opinion that the settlement effected by the deed of June 26, 1895, was not and could not be revoked, dismissed the bill. From that decree Potter took an appeal to the Supreme Court of Pennsylvania. That court affirmed the decree dismissing the bill, holding that the trust in question was valid and irrevocable. Potter v. Fidelity, etc., Co., 199 Pa. 360, 49 Atl. 85. In its opinion, delivered on May 13, 1901, the Supreme Court of Pennsylvania said:

"There was no evidence of fraud, imposition, or mistake, and there is no room for doubt that the deed, when executed, expressed the deliberate intention of the settlor. Although a young man just coming into possession of his estate, he was fully capable of understanding what he did, the reason for it, and its effect. He took ample time, after the subject of the creation of a trust was first suggested to him, to consider it before acting, and he had the advice of his mother and of his attorney. Clearly there was no misapprehension of facts, nor of the legal effect of the deed. The trust was an active one, and by its express terms irrevocable, and there has been no failure of the purpose of the settlement. * * * The rule is that a voluntary settlement will be sustained and enforced in favor of the beneficiaries, unless it is shown that it was procured by fraud or imposition, or executed under a misapprehension of the facts or of the law. This case is within the rule."

On January 29, 1902, George Van Hook Potter executed, at Philadelphia, a voluntary confession of judgment to the New York Finance Company (here the defendant in error) for the sum of $60,000, under which judgment was entered in the Supreme Court of the state of New York, for the county of New York, on the 31st day of January, 1902. The confession of judgment contains the following statement over the signature of the defendant Potter:

"This confession of judgment is for a debt now justly due to the said plaintiff from me, for money loaned to the said defendant at various times,

to wit: Seven thousand ($7,000) dollars on June 20, 1899; the further sum of seven thousand ($7,000) dollars on June 19. 1900; the sum of forty thousand ($40,000) on January 28, 1902; and the agreed sum of six thousand ($6,000) dollars for services rendered since June 20, 1899, to date."

Upon this judgment an action was brought in the court below by the New York Finance Company against George Van Hook Potter, and a judgment for $60,828.89 obtained against him on April 22, 1902, for want of an affidavit of defense. On the same day an attachment execution on the judgment was issued summoning the Fidelity Trust Company as garnishee.

Upon the trial of the issue in the attachment proceeding, the garnishee offered to show by specified evidence that the confession of judgment by George Van Hook Potter, the defendant, to the New York Finance Company, the plaintiff, entered in the Supreme Court of the state of New York, the record of which forms the basis of the judgment upon which the attachment issued, was obtained by collusion between Potter and the New York Finance Company, with the fraudulent intent upon the part of Potter to accomplish in this indirect manner the revocation of the deed of trust executed by him to the Fidelity Trust Company, which deed had been declared irrevocable by the Supreme Court of Pennsylvania, but the offer was overruled. By direction of the court the jury found a general verdict for the plaintiff, and that the plaintiff have satisfaction of its judgment for $60,828.89 against George Van Hook Potter out of the securities held by the Fidelity Trust Company, as trustee under the trust deed of George Van Hook Potter, subject to the point of law reserved by the court, viz., "whether, under all the evidence, the court should have directed a verdict for the plaintiff for any less sum, or a verdict for the defendant." Subsequently the court entered judgment for the plaintiff upon the verdict.

As we have seen, in a direct attack by the settlor, Potter, upon this trust, the Supreme Court of Pennsylvania sustained the deed of trust, adjudging it to be valid and irrevocable. The fundamental question then arising upon the facts appearing in this record is whether one who became a creditor of the settlor long after the trust deed went into effect, in the absence of any evidence of fraud, can take in execution, in satisfaction of a judgment founded on such subsequent debt, the corpus of the trust fund, when the trust deed gives future beneficial interests in that fund to persons other than the settlor. This question, we think, must be answered negatively,. upon principle and authority. In Re Greenfield's Estate, 14 Pa. 489, 501, the Supreme Court of Pennsylvania, speaking by Mr. Justice Bell, said:

"Settlements like that before us, reserving a present interest in the creator of them, and carrying a future benefit or bounty to other designated parties, are very usual. If fairly made and carried into effect, uninfluenced by fraud or circumvention, they cannot be subsequently impeached, as is shown, among other determinations, by our case of Reese v. Ruth, 13 Serg. & R. 434."

It is now the firmly established doctrine in Pennsylvania that such a voluntary settlement is not impeachable by subsequent creditors not at the time of the settlement contemplated, and against whom no

fraud was intended. Snyder v. Christ, 39 Pa. 499; Harlan v. Maglaughlin, 90 Pa. 293; Best v. Smith, 193 Pa. 89, 92, 44 Atl. 329, 74 Am. St. Rep. 676. In Fellow's Appeal, 93 Pa. 470, 475, the court said:

"The title of a trustee under a deed of trust is complete and irrevocable by the settlor, although the transaction be purely voluntary. Hill on Trustees, 82. Nor does the fact that the grantor reserved an interest during life in the proceeds of the property, and gave a future benefit to other persons named, give an implied right of revocation. Reese et al. v. Ruth, 13 Serg. & R. 434; Eckman v. Eckman, 68 Pa. 460. It controverts no rule nor policy of law, but executes the intention of the grantor. Lewin on Trusts, 137."

In Pennsylvania it is no longer open to question that, if the intention of the grantor at the time he delivers a voluntary deed of trust is to part with the legal title, the trust, in the absence of fraud, will be enforced in favor of the beneficiaries, even though their enjoyment of the estate is postponed until after the death of the grantor in the deed, and notwithstanding he has reserved to himself an interest for life in the trust estate. Wilson v. Anderson, 186 Pa. 531, 40 Atl. 1096, 44 L. R. A. 542; Rynd v. Baker, 193 Pa. 486, 44 Atl. 551.

In the present instance the two specifically named beneficiaries, Marie B. Potter and Blanche Van Hook Potter, have vested interests in the principal of the trust fund; and while it is true that their interests are not presently enjoyable by them, and may be defeated should George Van Hook Potter die leaving issue, or should he exercise his reserved power of appointment by will, yet by no act of Potter other than his exercise of that power can the interests of these beneficiaries be divested. Perry on Trusts, § 250; Farwell on Powers, 474; Hopkins v. Jones, 2 Pa. 69, 70. The Supreme Court of Pennsylvania has decided that Potter has no general dominion over this trust estate, and that the settlement he made is enforceable in favor of the beneficiaries. Potter v. Fidelity, etc., Co., supra. The views expressed by that court in its opinion, we think, lead irresistibly to the conclusion that this attaching creditor cannot reach the corpus of the trust estate, but can subject to the payment of its judgment only the income reserved and payable to the settlor (Potter). We find a ruling to such effect in the analogous case of Andress v. Lewis, 17 Wkly. Notes Cas. 270.

Upon the undisputed facts, it seems to us that the New York Finance Company must be regarded here as claiming through George Van Hook Potter, and that, as against this garnishee, that company has no higher rights than Potter himself had. The execution attachment, we think, had no greater effect than to place this attaching creditor in the same relation to the garnishee as that occupied by the judgment debtor before the attachment was laid. Baldwin's Estate, 4 Pa. 248. An attachment execution is authoritatively declared to be an equitable assignment of the thing attached; a substitution of the creditor for the debtor as to the latter's rights against the garnishee. Reed v. Penrose, 35 Pa. 214.

The present case is clearly distinguishable from Mackason's Appeal, 42 Pa. 330, 82 Am. Dec. 517. The deed of trust there was for the use and benefit of the settlor during his life, and on his death for the use and benefit of his appointees by will, and in default of such

appointment for the use and benefit of those entitled to his estate under the intestate laws. There was no named beneficiary other than the settlor. To all intents and purposes, the settlor continued to be the beneficial owner of the entire estate. It did not appear that there was any reason for the execution of the deed of trust except to protect the settlor's property from his future engagements. Indeed, the sole design, as found by the court, was to give to the settlor the full enjoyment and complete equitable ownership of his property, and at the same time protect it from his creditors. Moreover, the deed creating that trust contained no provision against its revocation. And, finally, the contest there arose after the settlor's death, and was between his creditors and his appointee by will. Here we have an active trust which the Supreme Court of Pennsylvania, in a contest between the settlor and the trustee, has sustained and declared to be irrevocable by the settlor and enforceable in favor of the beneficiaries.

The discussion might well end here. But, if not necessary, it seems to be proper, to notice briefly the assignment relating to the rejection of evidence. The offer, in substance, was to show fraud and collusion between the parties to the confessed judgment touching it, and the attachment proceeding under it, to overthrow this trust. This garnishee is not a mere stakeholder, but a trustee in possession of the trust property, clothed with the legal title, charged with active duties, and responsible to beneficiaries. The purpose of the proceeding was to seize the corpus of the trust property held by the trustee. A stranger to a judgment may attack the same for fraud and collusion when the enforcement of such judgment would be prejudicial to his pre-existing rights. Freeman on Judgments, § 335; Rhoades v. Selin, 4 Wash. C. C. 715, 721, Fed. Cas. No. 11,740; Esty v. Long, 41 N. H. 103. We think it was competent for the garnishee to show that the attachment was a nullity as against the corpus of the trust estate by reason of the fraud and collusion alleged and proposed to be shown. Even if this defense could be regarded as an equitable one, it was not for that reason inadmissible here. Schuler v. Israel, 120 U. S. 506, 510, 7 Sup. Ct. 648, 30 L. Ed. 707. In that case Mr. Justice Miller, in delivering the opinion of the court, after stating the right of a garnishee to set up any defense against attachment process which he could have against the debtor in the suit for whose property he is called upon to account, said:

"And, as a garnishee is only compelled to be responsible for that which, both in law and equity, ought to have gone to pay the principal defendant in the main suit, he can set up all the defenses in this proceeding which he would have in either a court of law or a court of equity."

We add, in conclusion, however, that, independently of the rejected offer, the case, upon the unquestioned facts, in our view, was with the garnishee as respects the principal of the trust fund, and that only the income thereof reserved to Potter was bound by the attachment.

The judgment of the Circuit Court is reversed, and the case is remanded to that court for further proceedings in accordance with the views expressed in this opinion.