NEW YORK FINANCE CO. v. POTTER (FIDELITY TRUST CO., Garnishee).

(Circuit Court, E. D. Pennsylvania. December 11, 1903.)

No. 19.

1. GARNISHMENT—ALLOWANCE OF COUNSEL FEES TO GARNISHEE—PENNSYLVANIA STATUTE.

Under Act Pa. April 22, 1863 (P. L. 527), providing that a garnishee who shall not be found not to have any property of defendant, nor to owe him any debt, other than is admitted in his answer, shall be entitled to the allowance of a reasonable counsel fee out of the property in his hands, a corporation garnished as trustee, which by its answer fully and truthfully set out all the facts, and admitted having in its possession a certain sum, which it held for defendant as income from the trust fund, but denied plaintiff's right to the principal of such fund, is entitled to the allowance of a counsel fee from such income for successfully contesting plaintiff's claim to the principal.

On Rule for Judgment against Garnishee.

Russell Duane, for plaintiff.

Wm. M. Stewart, Jr., and Richard C. Dale, for garnishee.

DALLAS, Circuit Judge. An attachment execution was issued at the suit of the New York Finance Company against George Van Hook Potter, the defendant, and the Fidelity Trust Company, garnishee. Interrogatories were filed, and the garnishee answered them fully and in detail. It admitted that under a certain deed of trust it held in trust securities of the value of $54,000, but averred that the corpus or principal of said trust was not subject to the attachment. It separately admitted that it had been paying the income of this trust property to the defendant, and that "at the time the attachment in this suit was issued there was a balance of income due George Van Hook Potter under said deed of trust," amounting to $420; and that it also held $49, which was due to him on open account, as his interest in rent received from certain premises, for the collection of which the garnishee was acting as agent. The answer to the third interrogatory called attention to the provision of the deed of trust that income arising thereunder should not be assigned or anticipated by Potter, nor be liable for his debts, or "to execution, attachment, warrant, or legal process of any kind"; and, finally, "as to the question whether or not the income payable to George Van Hook Potter under the terms of the spendthrift trust aforesaid is liable to this plaintiff, the garnishees submit themselves to the order of this honorable court." Every statement of fact contained in these answers was true. The principal of the trust estate was correctly disclosed, and the amounts due to the defendant as trust income and upon rental account, respectively, were accurately specified. Nor did the garnishee take any untenable legal position. It averred that the principal of the trust estate was not subject to the attachment, and this averment the Circuit Court of Appeals has sustained. 125 Fed. 275. It submitted itself to the judgment of the court upon the question whether or not the trust income was attachable, and this it was its duty to do. And

the sum held by it for defendant as rental collections, it unqualifiedly admitted.

Upon these answers the plaintiff was entitled to an immediate judgment for the sum of the trust income and the rental collections in the garnishees hands. As to the first as well as to the last of these items, the admission was conclusive, inasmuch as the point of law submitted with respect to the former must, as the decision of the Court of Appeals has determined, have been decided in favor of the plaintiff. But the plaintiff, instead of moving for judgment for the amount admitted, elected to proceed upon the assumption that its attachment covered more than was admitted; and hence a jury trial was necessitated, which was followed by a judgment of the Appellate Court that the plaintiff was entitled to just what it might have had without trial, and to nothing more. In my opinion, the garnishee is, under these circumstances, entitled to the allowance of a reasonable fee to its counsel for the services rendered by them throughout the entire litigation. The Pennsylvania statute of April 22, 1863 (P. L. 527). provides as follows ·

"Where, in any attachment execution, or scire facias on foreign attachment, issued out of any court of record in this state, the garnishee, after issue joined therein, shall be found to have in his possession, or control, no real or personal property of the defendant, nor to owe him any debt, other than such property or debts as shall have been already admitted by the plea or answers of the garnishee, or in case, without going to trial, the plaintiff shall take judgment against the garnishee for what shall be so admitted in his plea or answer, then and in either such case, the garnishee shall be entitled. in addition to the costs already allowed by law, to a reasonable counsel fee out of the property in his or their hands, to be determined and taxed, in case of dispute, by the court, or by some person appointed for that purpose.".

This case seems to me to be one in which it has been found that the garnishee does not owe the defendant any debt, or have in its possession or control any property belonging to him, other than such property or debts as had been already admitted by the answers of the garnishee; and, being such a case, the garnishee is, by the express terms of the act, "entitled * * * to a reasonable counsel fee out of the property in its hands." The legislative intent, I think, was to concede to the plaintiff in an attachment the right either to accept what upon the answers it might be entitled to take, or to proceed for the purpose of establishing its right to something more, but subject, in the latter event, to the consequence that, if it should fail to establish its greater claim, the fund actually recoverable would be chargeable with the expense incurred by the garnishee in the employment of counsel to defend against the plaintiff's excessive demand. That this was intended seems to me to be evident; and, if it was, this plaintiff's present rule for judgment for the sum admitted cannot be granted without allowance of the garnishee's claim for counsel fees, which, as I understand, is admitted to be reasonable in amount, and, from my knowledge of the litigation, I believe that it is.

Milne v. Bucknor, 12 Wkly. Notes Cas. 532, is not fully reported. It appears, however, to have been decided upon grounds not here involved, and that counsel stated, without contradiction, that "the

126 F.—28

garnishee never admitted any assets in his hands." This fact alone is, of course, sufficient to distinguish that case from this one.

The plaintiff's rule for judgment for $3,704.93 is discharged; but it is entitled to judgment for that sum, less garnishee's counsel fees, $1,500; and, accordingly, judgment will be entered for the plaintiff and against the garnishee for $2,204.93.