## Miller Trust.

Argued Nov. 28, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Arthur E. Weil,* in propria persona, appellant.

*Richard K. Stevens,* with him *Leighton P. Stradley* and *Stradley, Ronon, Stevens & Young,* for appellees.

OPINION BY MR. JUSTICE LINN, January 2, 1945:

On March 15, 1935, George Laurence Miller and Mary Campbell Miller, his wife, delivered their deed of trust transferring certain stocks and bonds to trustees to pay the income to the settlors for their joint and several lives.

On July 8, 1942, they filed their petition, now before this court, to revoke that deed and recover the principal.

The deed of trust provided that on the death of the survivor of the settlors, the principal should pass to testamentary trustees to be appointed by George Miller, father of one of the settlors, to be administered for the benefit. of settlors' children, as he should appoint by will. George Miller [1] died January 1, 1937, leaving a will dated March 6, 1935, providing that the trust should ". . . continue until the death of the last surviving lawful child of my son, George Laurence Miller, living at the time of my death." The will also provided: "Upon the death of the last surviving lawful child of the said George Laurence Miller, living at the time of my death, then this trust shall continue and the net income therefrom shall inure to the use, benefit and advantage of all of the descendants of the said George Laurence Miller, in equal parts or shares, per stirpes and not per capita, those of full age to receive payment in person and such as are minors to receive their shares by the then Trustees using and applying the same to and for their comfortable maintenance, support and education for the further period of twenty-one years, after the death of the last surviving child of my said son, George Laurence Miller, so living at the time of my death. At the expiration of said time, the entire title and ownership of any and all of my said residuary estate shall vest absolutely and in fee, in equal parts or shares, per stirpes and not per capita, in such surviving descendants of my son, George Laurence Miller, and my then Trustees are hereby authorized, empowered and directed to make all necessary transfers and conveyances to carry out this provision for vesting into full legal effect." He directed the principal to be distributed, in default of descendants, as if he ". . . had died seized and possessed

---

[1] We are not concerned with questions that might have arisen if George Miller had survived the settlors.

thereof, unmarried, intestate and without issue." Active duties were imposed on the trustees.

The petition to revoke was based on averments that the limitations were in conflict with the rule against perpetuities. The deed contains a provision stating that it is irrevocable. No fraud is suggested. Mr. Miller is about 53 years of age and Mrs. Miller about 46. When the petition was filed, they had three children; one, a minor. Petitioners moved for the appointment of a guardian ad litem for the minor and a "Trustee ad litem for all unborn and unascertained interests in connection with these proceedings." The court appointed Mr. Weil to act in both capacities.

A rule was granted on petitioners' children, the guardian and trustee ad litem and the next of kin of George Miller, deceased, to show cause why the deed of trust should not be revoked and the principal restored to petitioners. All parties are said to have received notice of the proceeding. The guardian and trustee ad litem answered the petition to revoke by setting forth, inter alia, that settlors had created a valid trust for their lives and that the case therefore was within the rule that the court would not now consider the possible invalidity of subsequent limitations but would leave that question until it became necessary to consider it; petitioners' averment of invalidity was that as they might have had children after the delivery of the deed and before George Miller's death, the trusts created by Miller's will violated the rule.

It appeared in the evidence that on August 6, 1942, petitioners were ". . . notified by the Treasury Department that a determination of gift tax liability for the calendar year 1935 disclosed an alleged deficiency" in a large sum. They desired to have the court determine the effect of their deed of trust in order that they might present the decision in the gift tax litigation now pending in the federal courts as representing the law of Pennsylvania. They contended that the testamentary appoint-

ment by George Miller, read with their deed, infringed the rule against perpetuities and was therefore void with the result that their deed was void and that they had made no gift. The learned hearing judge thought that the tax litigation, pending in the federal court, justified making an exception to the rule[2] against passing on the validity of limitations succeeding a valid trust. Recognizing the rule that the perpetuity period must be counted from the date of delivery of the deed, he held that,[3] as petitioners might have had children born between the delivery of the deed and the death of George Miller, there was violation of the rule.

The guardian and trustee ad litem has appealed. The appeal must be sustained. The trust was expressly made irrevocable; there is no suggestion of fraud or other circumstances that would support a decree: compare *Potter v. Fidelity Trust Co.,* 199 Pa. 360, 366, 49 A. 85; *Kraft v. Neuffer,* 202 Pa. 558, 565, 52 A. 100; *Jones's Trust Estate,* 284 Pa. 90, 92-93, 130 A. 314; *King v. York Trust Co.,* 278 Pa. 141, 143, 122 A. 227. See also *Bowers' Trust Estate,* 346 Pa. 85, 29 A. 2d 519. As the trust for the lives of the settlors is good, there is no ground for revocation; the inquiry into the validity of the limita-

---

[2] The cases applying the rule are numerous: see *Warren's Estate,* 320 Pa. 112, 182 A. 396; *Kemerly Estate,* 348 Pa. 225, 35 A. 2d 258.

[3] The decree contained the following: "1. That the interest of the parties in the irrevocable trust executed by George Laurence Miller and Mary Campbell Miller, his wife, on March 15, 1935, are as follows:

"(a) life estate in the settlors as tenants by the entireties;

"(b) life estate in the survivor of them;

"(c) life estates in their children, respectively, George Laurence Miller, Jr., Edward Jessup Hasse Miller and John Campbell Miller, and in any future child or children born to the settlors jointly;

"(d) after the expiration of the life estates in the said children and future children, respectively, the trust corpus shall revert to the settlors as tenants by the entireties;

"(e) all remainders are void."

148

tions following the life interests of settlors' children is premature.

In No. 198, the petition was by George Laurence Miller to revoke a deed of trust made by him alone dated March 23, 1935. The questions raised are the same as those considered above.

Decrees reversed, petitions dismissed, costs to be paid out of income.