## Brendle's Exr., Appellant, *v.* Brendle et al.

*Deed—Voluntary deed of trust—Cancellation—Equity — Findings of fact—Evidence.*

On a bill in equity to cancel a voluntary deed of trust, where the court finds on sufficient evidence that the settlor was sober and knew what he was about when he signed the deed, that he was not subject to any fraud or coercion, and that the deed was a proper one in its terms, a decree dismissing the bill will be sustained on appeal.

Argued May 12, 1922. Appeal, No. 204, Jan. T., 1922, by plaintiff, from decree of C. P. Lancaster Co., Equity Docket No. 6, page 177, dismissing bill in equity, in case of William W. Fetter, executor of John H. Brendle, deceased, v. Hiram K. Brendle et al., Trustees. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Bill to cancel voluntary deed of trust. Before HASSLER, J.

The opinion of the Supreme Court states the facts.
Bill dismissed.   Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Robert Grey Bushong,* with him *Samuel E. Bertolet*
and *B. F. Davis,* for appellant, cited: Potter v. Fidelity
Ins. T. & S. Dep. Co., 199 Pa. 360; Russel's App., 75 Pa.
269; Miskey's App., 107 Pa. 611; Corrigan v. Conway,
269 Pa. 373.

*John E. Malone,* with him *John A. Coyle* and *Joseph
R. Evans,* for appellees.

PER CURIAM, June 24, 1922:
John H. Brendle, now deceased, was a hard drinker;
September 20, 1916, all his children, including appellees,
signed a petition setting forth that he was an habitual
drunkard and praying the appointment of a committee to
take charge of his estate.   Brendle, to avoid the intended
proceeding, decided to put his property in trust.   Oc-
tober 3, 1916, he went to the office of an attorney in Lan-
caster, accompanied by appellees, also by a daughter,
Martha Yetter, and his daughter-in-law, Ida L. Brendle.
Before these witnesses, he told the attorney, in a general
way, what he wanted.   Within a few hours, the lawyer
prepared a spendthrift deed of trust conveying all Bren-
dle's property to appellees as trustees, and had the for-
mer execute it.   The deed was first read in English, then
in German, but it does not appear that the settlor's atten-
tion was called to the lack of a clause of revocation or to
the effect thereof.   November 10, 1916, Brendle filed a
bill in equity to cancel the deed; subsequently, he died,
without having reformed his habits.   After hearing, the
court below dismissed the bill, saying, inter alia, the
settlor was "perfectly sober and knew what he was do-
ing" when he made the trust; and that "there was no
fraud, coercion or imposition practiced on him" in the

matter, the scheme of the deed,—dividing the property equally among all his children, after caring for the settlor during his own life,—having been thought out and determined on by him so that, in his own words, "there need be no fighting over [the estate] after his death." The findings were made on conflicting testimony, but enough evidence appears to sustain them; in fact, the preponderance of proof favors the appellees. On the findings, there is no error in the decree: Stockett v. Ryan, 176 Pa. 71, 78; Rynd v. Baker, 193 Pa. 486, 490; Willard v. Integrity Trust Co., 273 Pa. 24, 29.

The decree is affirmed at cost of appellant.